[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2012
JOHN LEY
CLERK

No. 11-12900
Non-Argument Calendar

_____

Agency No. A088-685-617

MARIELA RODRIGUEZ-MONTENEGRO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 11, 2012)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Mariela Rodriguez-Montenegro, a native and citizen of Colombia, seeks review of the Board of Immigration Appeals' final order affirming the Immigration Judge's denial of her application for asylum and withholding of removal under 8 U.S.C. § 1158 and relief under the Convention Against Torture.

Rodriguez-Montenegro entered the United States on June 24, 2007, with a visitor visa that authorized her to remain here until July 23, 2007. On July 24, 2007, she filed an application for asylum. The IJ denied the application. The BIA affirmed, adopting the IJ's finding that the harms Rodriguez-Montenegro suffered did not rise to the level of persecution. Rodriguez-Montenegro now appeals the BIA's decision.

On appeal, Rodriguez-Montenegro argues that the IJ and BIA erred by failing to find past persecution, by failing to find a nexus between that persecution and her political opinions, and by failing to find a well-founded fear of future persecution.

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). When the BIA adopts the findings of the IJ, we review the decision of both the BIA and the IJ for those issues. Ayala v. U.S. Att'y Gen., 605 F.3d 941, 947–48 (11th Cir. 2010). For factual determinations, we will affirm the BIA's

decision if it is supported by substantial evidence. <u>Adefemi v. Ashcroft</u>, 386 F.3d 1022, 1027 (11th Cir. 2004).

In order to qualify for asylum, an applicant must establish past persecution, or a well-founded fear of future persecution, on account of a statutorily enumerated factor. 8 C.F.R. § 208.13(b); <u>see also</u> 8 U.S.C. 1101(a)(42)(A). In determining whether an alien has suffered past persecution, the fact-finder must consider the cumulative effects of the alleged incidents. <u>Delgado v. U.S. Att'y Gen.</u>, 487 F.3d 855, 861 (11th Cir. 2007). However, "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation . . . ." <u>Selpulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1231 (11th Cir. 2005).

This Court has established a high bar for holding that the BIA lacked substantial evidence to support its finding of no past persecution. For example, in <u>Mejia v. U.S. Att'y Gen.</u>, 498 F.3d 1253, 1257 (11th Cir. 2007), this Court vacated the BIA's finding of no past persecution where the petitioner received death threats, and was attacked on multiple occasions, once suffering a broken nose that required surgery. In <u>Ruiz</u>, this Court vacated the BIA's finding of no past persecution where the petitioner was kidnapped for eighteen days and his colleague was killed. 479 F.3d at 766.

3

Here Rodriguez-Montenegro, a former school teacher, urges that she suffered persecution, because FARC members tried to force her to stop teaching about democracy, and pressed her to use her teaching position to help FARC recruit new members. In particular, she draws this Court's attention to the numerous threats made against her by FARC members, which included intermittent verbal threats from 1982 to 2006, and eight threatening phone calls over a two-month period in the spring of 2007. The most serious incident occurred in May 2007, when four FARC members surrounded her house. Two of the assailants invaded her home, tying up Rodriguez-Montenegro and her husband and threatening them with guns. When her husband attempted to intervene, the captors hit him in the head with a gun, but Rodriguez-Montenegro described his injury as "not a major thing." The FARC captors told Rodriguez-Montenegro that she had to collaborate with them. After about half an hour, the captors left, and Rodriguez-Montenegro and her husband managed to untie themselves. Rodriguez-Montenegro also received two death threats, once in the form of a sympathy letter in April 2007, and once as a condolence card in June 2007. She left Colombia in June 2007. Since her departure, FARC members have gone to her home and the places she used to frequent, inquiring as to her whereabouts.

Despite Rodriguez-Montenegro's undoubtedly troubling experiences,

4

substantial evidence supports the BIA's decision that the harm she suffered did not amount to persecution. Under this Circuit's precedent, "[t]he record does not compel the conclusion that [she] suffered past persecution." Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008).

Rodriguez-Montenegro also argues that she has a well-founded fear of future persecution. To establish a well-founded fear of future persecution, the applicant must show that there is a reasonable possibility of suffering persecution upon return to her home country. Mejia, 498 F.3d at 1256. Substantial evidence supports the IJ's finding that a reasonable fear was not established. In particular, Rodiguez-Montenegro experienced few dangerous encounters with the FARC from 1982 to 2007, the period of alleged persecution. Also her husband and two sons, who returned to Colombia in 2007, have neither suffered harm, nor been threatened by the FARC.[1]

Finally, Rodriguez-Montenegro argues that there is a pattern or practice in Colombia of persecuting persons similarly situated to her, thus satisfying the requirement for asylum under 8 C.F.R. § 208.13(b)(2)(iii). However, she failed to

---

[1] Although it does not change our holding, we note that substantial evidence does not support the IJ's finding that FARC would not be interested in Rodriguez-Montenegro because she is no longer a school teacher. She has not been a school teacher since 2004. Nevertheless, the FARC clearly remained interested in Rodriguez-Montenegro in May 2007 when they invaded her house and demanded her collaboration at gunpoint.

raise this claim in her BIA proceedings.[2]  Therefore, this Court lacks jurisdiction to consider this claim.  <u>Amaya-Artunduaga v. U.S. Att'y Gen.</u>, 463 F.3d 1247, 1250 (11th Cir. 2006).

Upon review of the record and consideration of the briefs of the parties, we deny the petition.

**PETITION DENIED.**

---

[2] In her brief to the BIA, Rodriguez-Montenegro's attorney referred to "individuals such as the Respondent."  But her attorney neither referred to a "pattern or practice" of persecution, nor to § 208.13(b)(2)(iii) directly.  Furthermore, Rodriguez-Montenegro was and is not proceeding <u>pro se</u>, so we do not construe her briefs liberally.  <u>Cf.</u> <u>Lorisme v. INS</u>, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997) ("We read liberally briefs filed <u>pro se</u>.")